## *Ex parte* PRITCHARD.

*(Circuit Court, S. D. Ohio, W. D.* August 22, 1890.)

CRIMINAL LAW—VENUE—CONSTITUTIONAL REQUIREMENT.
 Const. U. S. art. 3, § 2, declaring that "the trial of all crimes, except in cases of impeachment, shall be by jury, and such trial shall be held in the state where the said crimes shall have been committed; but, when not committed within any state, the trial shall be at such place or places as the congress may by law have directed," —relates exclusively to trials in the federal courts.

At Law.   On petition for *habeas corpus.*
*C. H. Blackburn,* for petitioner.
*Wm. Littlefort,* for Hamilton county, Ohio.

SAGE, J., (*orally.*)   The petitioner is in the custody of the sheriff of Hamilton county, Ohio, upon an indictment for homicide, found by the grand jury of said county, and pending in the court of common pleas. It appears from the petition, and from the agreed statement of facts filed by the parties herein, that the offenses charged were not committed within the county of Hamilton, nor within the state of Ohio, but on board the steam-boat Telegraph, while she was under way and navigating the waters of the Ohio river, between the cities of Cincinnati and Pomeroy, Ohio, "and when said steam-boat was below, inside, and south and southeast of low-water mark of said Ohio river;" low-water mark upon the north side of the river being the southern boundary of the state. Upon these facts it is beyond question that the court of common pleas of Hamilton county has no jurisdiction of the case against the petitioner. But section 753 of the Revised Statutes of the United States provides that the writ of *habeas corpus*—

 "Shall in no case extend to a prisoner in jail, unless where he is in custody under or by color of the authority of the United States, or is committed for trial before some court thereof; or is in custody for an act done or omitted in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof; or is in custody in violation of the constitution or of a law or treaty of the United States; or being a subject or citizen of a foreign state," etc., (here follow provisions not pertinent to any question involved in this application,) "or unless it is necessary to bring the prisoner into court to testify."

Now it is conceded that, unless the petitioner is "in custody in violation of the constitution or of a law or treaty of the United States," he is not entitled to the writ; but it is claimed by his counsel that the imprisonment of the petitioner is in violation of the paragraph of section 2, art. 3, of the constitution, which declares that—

 "The trial of all crimes, except in cases of impeachment, shall be by jury, and such trial shall be held in the state where the said crimes shall have been committed; but, when not committed within any state, the trial shall be at such place or places as the congress may by law have directed."

This provision relates exclusively to trials in the federal courts, and has no application here. The writ will be refused.